IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES PANTERMUEHL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO: 1:19-cv-887 |
| | § | |
| | § | |
| ST. EDWARD'S UNIVERSITY, INC. | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, JAMES PANTERMUEHL ("Plaintiff"), complains of Defendant ST. EDWARD'S UNIVERSITY, INC. and for his cause of action would show the Court as follows:

### INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act.

### PARTIES

2. Plaintiff JAMES PANTERMUEHL is a resident of Travis County, Texas.

3. Defendant ST. EDWARD'S UNIVERSITY, INC. is an entity which may be served with process by serving its Registered Agent, C T Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

### JURISDICTION AND VENUE

4. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff

pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act in accordance with those statutes' provisions against retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of account of retaliation for participating in activity protected under 42 U.S.C. §1981, Title VII, and the Texas Commission on Human Rights Act.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8. Plaintiff, James Pantermuehl, was hired by Defendant St. Edward's University, Inc. in or around August 2014 as a Plant Engineer (HVAC) Technician II.

9. In 2018, one of the other HVAC Technicians, Mahmood al Tabra, filed an internal EEO complaint concerning racial and religious discrimination with St. Edward's human resources office, which led to an internal EEO investigation conducted by St. Edward's HR staff. Mr. Pantermuehl engaged in protected activity by participating in St. Edward's internal investigation by providing statements and information to St. Edward's human resources staff as a witness to the allegations made by Mr. Al Tabra.

10. After Mr. Pantermuehl participated in the investigation, his employment was

threatened by his immediate supervisor, Rick Conrad and by the Director of Facilities, Jim Morris. Mr. Morris told Mr. Pantermuehl that "I have had to fire people for less, who didn't follow the chain-of-command, by going to Human Resources."

11. In January 2019, Mr. Pantermuehl attended a meeting with management where he was issued a written "letter of warning/performance improvement" memo regarding "unacceptable behavior." However, Mr. Pantermuehl had not engaged in any unacceptable behavior.

12. On January 30, 2019, Mr. Pantermuehl filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging that St. Edward's had retaliated against him for engaging in protected activity. On February 1, 2019, St. Edward's placed Mr. Pantermuehl on administrative leave for "your behavior that has been observed this week." On February 7, 2019, Defendant terminated Mr. Pantermuehl's employment. The reasons given for the termination are a pretext for St. Edward's intent to retaliate against Mr. Pantermuehl for engaging in protected activity.

## CAUSES OF ACTION

### COUNT ONE - RETALIATION UNDER 42 U.S.C. § 1981

13. 42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

14. Defendant intentionally discriminated against Plaintiff in retaliation for his complaints of retaliation and for his participation in Defendant's investigation into allegations of racial discrimination, in violation of 42 U.S.C. §1981 by unlawfully terminating Plaintiff's

employment. Plaintiff made a discrimination complaint, opposed a discriminatory practice by employees of Defendant, participated in an investigation into a complaint of race discrimination and suffered a materially adverse action - termination - as a result. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO
## RETALIATION UNDER THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

15. Defendant retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race discrimination by employees of the Defendant. See Texas Labor Code §21.055. Plaintiff's discrimination complaint and participation in Defendant's discrimination investigation were a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.

## COUNT THREE
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

17. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was retaliated against for opposing race discrimination and participating in an investigation into claims of racial discrimination, in violation of Title VII of the Civil Rights Act of 1964.

18. Defendant is an employer within the meaning of Title VII.

19. Defendant intentionally retaliated against Plaintiff because of his opposition to

Defendant's discriminatory conduct and his participation in Defendant's investigation by terminating Plaintiff's employment. Plaintiff made a discrimination complaint, participated in an investigation, and opposed a discriminatory practice by Defendant, suffered an adverse employment action as a result in that Defendant terminated his employment, and there is a causal connection between the protected conduct and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## DAMAGES

20. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

21. Defendant intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

22. The conduct committed by Defendant against Plaintiff is the type of conduct

demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages. See Tex. Lab. Code §21.2585(a), (b); 29 U.S.C. §621 *et seq.;* 42 U.S.C. §1981a.

## ATTORNEYS' FEES AND EXPERT FEES

23.     A prevailing party may recover reasonable attorneys' and experts' fees under 42 U.S.C. §1981, Title VII, and the Texas Commission on Human Rights Act.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;
2. The Court award Plaintiff damages as specified above;
3. The Court award Plaintiff reinstatement or, in the alternative, front pay.
4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;
5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East 5th Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF